IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | No.   4:20CR-00178 HEA-NAB |
| ) | |
| -vs-  ) | |
| ) | |
| JAMORE CLARK,  ) | |
| ) | |
| Defendant.  ) | |

**DEFENDANT CLARK'S MOTION TO SUPPRESS EVIDENCE**

**COMES NOW** Defendant, by and through counsel, and moves this Honorable Court to suppress all evidence seized by law enforcement on March 6, 2020.  In support of this motion, Defendant states as follows:

FACTS

1. Task Force Officer Josiah Merritt along with other members of the St. Louis, Missouri DEA Task Force claim they were conducting surveillance of Defendant Clark on March 6, 2020.
2. In addition to monitoring Defendant Clark's cell phone through a court authorized Title III wiretap, TFO Merritt and others were watching him as he drove throughout the St. Louis Metropolitan area.
3. While not providing an exact time this surveillance began, the first mention of it explained that Clark received a telephone call at approximately 9:34 a.m.
4. Agents contend the conversation related to a possible drug transaction, leading some of them to physically locate Clark and begin watching him at 10:00 a.m.
5. In addition to the surveillance of Defendant Clark, other agents were monitoring the activities of co-defendant Clarence Totten as he went to a Family Dollar store on Jennings Station Road.

6. According to law enforcement involved in the surveillance, Clark exited a home at 4518 Stivers, a location law enforcement contends was a "stash" house, carrying a black "shaving" bag at 12:59 p.m.

7. Clark then drove to C and K Barbecue Restaurant on Jennings Station Road where he parked next to another vehicle and an unknown male transferred to Clark's car.

8. Clark then drove, purportedly with the other individual, to the Stratford Commons Apartments.

9. It is unclear of the exact time Clark would have arrived there as, while agents list the time of arrival at 1:01 p.m., they also indicate that they were not fully watching Clark and, instead, later referred to video cameras that were recording the apartment complex.

10. According to the video later watched by law enforcement, Clark parked next to Totten who had also driven to the apartments at some point.

11. A number of vehicles were at the apartment complex and, it is believed, all were involved in a drug transaction.

12. At 1:03 p.m. Clark's vehicle as well as the one driven by Totten exited the apartment complex and an unknown male who had been part of the group merely walked away from the area. Law enforcement indicate that they did not follow the individual on foot. Law enforcement did continue to watch Totten and Clark.

13. Surveillance of Totten was lost as his vehicle neared the downtown St. Louis area.

14. Clark was followed, though, while agents continued to listen to his phone conversations, until law enforcement lost sight of him and began canvassing the area where he was last seen.

15. When a vehicle believed to be Clark's was located, law enforcement decided to arrest Clark only to find he was not in the vehicle and it was locked.

16. Ultimately, Clark was observed walking between two homes around 1:39 p.m. and was arrested.

17. Clark was taken to the vehicle law enforcement believed he was driving and asked for the keys. Clark explained it was not his car and that he did not have a key to it. Although Clark responded to agents' questions, when the questioning turned more intense, Clark requested to speak with an attorney.

18. As the vehicle was locked, law enforcement used a "lockout kit" to open the car at the scene. Therein they found a black bag they contend was the same one Clark had when he

exited the home on Stivers. Inside the bag law enforcement contend they located a significant amount of what they believed to be fentanyl.

## ARGUMENT

Defendant argues that the warrantless search of the vehicle as well as the search of the bag therein was improper. Even assuming *arguendo* that the vehicle was the one driven earlier by Clark and the bag inside the car was the same one he had when he left the Stivers address, Clark, although cooperative with law enforcement, was not asked for consent to open and/or search the vehicle, nor did he give it. Moreover, as Clark was arrested at the scene, law enforcement had no legitimate concern that Clark would or could destroy any of the contents of the vehicle. If the government intends to argue Clark did drive that vehicle and did own and earlier possess the black bag, then Clark most certainly has a Constitutional right to privacy that, he argues, was violated. There were no exigent circumstances that would obviate the need for a warrant in these circumstances. Quite simply, there was no reason law enforcement could not tow the vehicle to a secure location while they presented a search warrant to a court, actions they daily in cases before this Honorable Court. Breaking into the vehicle and then searching sealed items inside is too far an intrusion into Clark's right to privacy such that he contends the search was illegal and the evidence seized should be suppressed.

Counsel has discussed this motion with Ms. Sirena Wissler, Assistant United States Attorney, and has a good-faith belief that the items mentioned herein should be suppressed.

WHEREFORE, Defendant prays this Court grant his motion and issue an Order suppressing all evidence seized from the search of the vehicle and the bag in it. Further, Defendant respectfully requests a hearing concerning this matter wherein more specific details of what occurred can be ascertained. Finally, Defendant requests an opportunity to draft a memorandum in support of this motion following the hearing.

Respectfully submitted,

GOLDFARB LAW GROUP, LLC


By:\_\_\_/s/ Jeffrey A. Goldfarb_____
   Jeffrey A. Goldfarb #45091MO
   230 South Bemiston Ave., Suite 1200
   Clayton, Missouri 63105
   314/863-5553
   314/726-5831 Fax

**CERTIFICATE OF SERVICE**

   I certify that a true and accurate copy of this document was delivered to all parties via automatic operation of the Court's electronic filing system on this 20th day of August, 2021.

_____/s/ Jeffrey A. Goldfarb_____